FILED
2022 MAR 23 PM 3:10
CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| REX LININ,<br><br>    Plaintiff,<br>v.<br><br>CHAMBERLIN NEFF,<br><br>    Defendant. | **MEMORANDUM DECISION AND ORDER RE DEFENDANT'S OBJECTIONS TO PLAINTIFF'S EXHIBITS 7, 16, 19, 20, 21, AND 24**<br><br>Case No. 2:15-cv-298-JNP<br><br>District Judge Jill N. Parrish |

On March 8, 2022, Defendant Chamberlin Neff moved to exclude six exhibits from admission at trial. As an initial matter, the court notes that Defendant's motion—which is essentially a motion in limine—failed to comply with the May 22, 2020 deadline for motions in limine. However, because both parties may object to the admission of exhibits at trial, the court finds the judicial interest in efficiency served by ruling on the motion in limine now in lieu of waiting for an objection at trial. The court rules accordingly on each of the following exhibits.

**I. Exhibit 7: DUI Docket**

Both parties seek to admit the Tooele County Justice Court docket of Linin's DUI prosecution. However, Defendant argues that certain terms in the docket, such as "dismiss," "without prejudice," and "in the interest of justice, create a substantial risk of confusing the jury unless accompanied by a clarification of the terms. Plaintiff does not oppose that request. Accordingly, when the DUI docket is admitted, the court shall instruct the jury as follows:

> On December 18, 2014, Rex Linin was charged with Driving Under the Influence of Alcohol, Failing to Reduce Speed When Approaching an Emergency Vehicle, and a Windshield Violation. On January 12, 2015, the charges were dismissed

"without prejudice in the interest of justice." "Without prejudice" means that the charges could be refiled within two years of December 16, 2014. However, they were not refiled. "In the interest of justice" is a generic term that does not reflect a reason for the dismissal." Neither a judge nor a jury made a finding of "guilty" or "not guilty" on the charges. The case was simply not prosecuted. Rex Linin does not have a conviction for the charges.

## II.      Exhibit 16: Neff's Reponses to Plaintiff's First Set of Interrogatories

Defendant objects to admission of Neff's answers to Plaintiff's First Set of Interrogatories under Rules 401, 403, and 404(b). Plaintiff stipulates to exclusion of Exhibit 16. Accordingly, the court GRANTS Defendant's motion as to Exhibit 16.

## III.     Exhibits 19, 20, and 21: Public Auction Notices

Defendants seek to exclude three notices for the sale of a farm and related farm machinery under Rules 401 and 403. Rule 401 states that evidence is relevant if "it has any tendency to make a fact of consequence more or less probable than it would be without the evidence. And "Rule 401 is a liberal standard." *United States v. Leonard*, 439 F.3d 648, 651 (10th Cir. 2006). Rule 403 permits the court to "exclude relevant evidence if its probative value is substantially outweighed by danger of . . .confusing the issues [or] wasting time." "The danger of 'confusion of the issues' . . . arises when circumstantial evidence would tend to sidetrack the jury into consideration of factual disputes only tangentially related to the facts at issue in the current case." *United States v. McVeigh*, 153 F.3d 1166, 1191 (10th Cir. 1998).

Here, the evidence is relevant because it goes to the reason that Rex Linin was traveling through Utah. According to Plaintiff's counsel, Linin traveled through Utah to move in with his son after his sister sold the farm Linin had lived on for his entire life. And the evidence carries very little risk of confusing the jury or wasting time. Plaintiff intends to use these exhibits to briefly address why Linin was on the road on the day in question. The court finds this limited

and brief purpose appropriate and unlikely to distract the jury from the central issue in this case. Accordingly, the court DENIES Defendant's motion with regard to Exhibits 19, 20, and 21.

### IV. Exhibit 24: KSL Article about DUI Arrests

Finally, Defendant moves to exclude a KSL article about DUI arrests under Rules 401, 403, and 802. Plaintiff stipulates to excluding the article. Accordingly, the court GRANTS Defendant's motion regarding Exhibit 24.

DATED March 23, 2022.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge